IN THE U.S. DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARLY BURTON, individually and as the Court Appointed Personal administrator of the ESTATE OF LUKE BURTON, ) ) ) | Civil Action No. |
| Plaintiffs, ) ) | _____ |
| v. ) ) | |
| BRIAN CENTER NURSING CARE/AUSTELL, INC., a Georgia Corporation, d/b/a "Anderson Mill Health & Rehabilitation Center," JOHN OGUNDIPE, M.D., and JOHN OR JANE DOES (1-3), ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

COME NOW plaintiffs and show the Court as follows:

## PARTIES, JURISDICTION & VENUE

1.

Carly Burton is currently residing and domiciled in Canada where she is engaged to be married to a Canadian citizen, and she may be served with all answers and discovery responses by service on her counsel.  Jurisdiction and venue are proper in this Court.

2.

Defendant Brian Center Nursing Care/Austell, Inc., d/b/a "Anderson Mill Health and Rehabilitation Center," is a Georgia Corporation, and it may be served with a copy of the complaint and summons by service on its registered agent:

> Brian Center Nursing Care/Austell, Inc.
> C/o Corporation Process Company, Registered Agent
> 2180 Satellite Boulevard, Suite 400
> Duluth, GA  30097

Jurisdiction and venue are proper in this Court.

3.

Defendant John Ogundipe, M.D., may be served with a copy of the complaint and summons either at his place or business or residence as follows:

> John Ogundipe
> 2041 Rosemont Court
> Jonesboro, GA 30236
>
> John Ogundipe
> Southern Crescent Primary Care
> 7823 Spivey Station Blvd, Suite 210
> Jonesboro, GA 30236.

Jurisdiction and venue are proper in this Court.

4.

John or Jane Doe individuals or corporations will be added or substituted as

parties where appropriate, as provided by the federal rules of procedure.

5.

The amount in controversy between the parties exceeds $75,000.00, and there is complete diversity between the parties.  *See 28 U.S.C. § 1441.*

## FACTUAL ALLEGATIONS

6.

On January 9, 2009 Luke Burton was transferred from Kennestone Hospital to defendant Brian's facilities for continued health and rehabilitation care, following his injuries in a motor vehicle collision in May of 2008.

7.

Defendant Ogundipe was the admitting physician, and directed Luke Burton's medical care and treatment by defendant Brian's nurses, LPNs, and nurse assistants during his stay from January 9-January 13, 2009.

8.

The medical records and discharge summary from Kennestone Hospital show that Burton was receiving a 75mcg Duragesic patch of fentanyl, every 72 hours for pain, and Burton was scheduled to receive a replacement fentanyl patch on the morning of January 10, 2009.

9.

Nurses, LPNs or nursing assistants employed and acting as Brian's agents and employees and acting under its and Ogundipe's directions put a second Duragesic patch on Burton's chest area on January 10, 2009 as recommended by Kennestone Hospital and directed by Dr. Ogundipe, but those Brian center employees failed to remove the one on his upper left arm put in place by medical personnel at Kennestone Hospital on January 7, 2009.

10.

During the next three days between January 10th and January 13th 2009 Burton's temperature spiked due to defendants' failure to give him antibiotics ordered by physicians at Kennestone Hospital when they transferred him to defendant Brian's facility, and Brian nurses, LPNs, and nurse assistants also wrapped Burton in blankets, which heated and compressed the sites where the two fentanyl patches were on his body, accelerating the release and absorption of fentanyl in his body.

11.

On the evening of January 12, 2009 Burton's wife, plaintiff Carly Burton, noted the presence of the patch on his upper arm, and a female employee of defendant Brian removed it at her request.

12.

Over the course of the next 7 hours Burton's condition deteriorated, he stopped breathing, EMS personnel were summoned, and he was transported to Cobb Hospital where he later died.

13.

EMS personnel removed a fentanyl patch from his body when they arrived at the Brian center, and a subsequent autopsy determined his cause of death was due to accidental fentanyl poisoning or overdose of that medication.

14.

A Georgia Department of Human Resources investigation into the cause of death could not determine when the first patch was removed, and why Burton died of a fentanyl overdose.

15.

There is no dispute that Luke Burton died due to fentanyl poisoning or overdose on January 13, 2009.

16.

Burton's health was poor, he had a brain injury, and his life expectancy was reduced due to the motor vehicle collision in May of 2008, but defendants' conduct was a contributing proximate cause of his wrongful death due to

accidental fentanyl poisoning and their negligent medical treatment was a foreseeable consequence of the motor vehicle collision in May of 2008.

17.

Plaintiff is suing the Georgia DOT for its role in causing the May 2008 collision, injuries, medical bills, and Burton's foreseeable death on January 10, 2009 from those injuries, and that suit is pending in Cherokee County.

18.

Defendants' negligence was a contributing proximate cause of Luke Burton's death, and a contributing proximate cause of his pre-death pain and suffering, funeral, last burial, and medical expenses.

19.

Defendants were negligent, negligent per se, negligently hired, supervised, trained, and retained the nurses, LPNs, and nurse assistants employed by defendant Brian and involved in his care and treatment resulting in Luke Burton's wrongful death on January 13, 2010.

20.

At all times covered by the allegations in this complaint the nurses, LPNs, and nurse assistants employed by the Brian center were acting within the course and scope of their employment or as agents with defendant Brian, and were

negligently hired, supervised, trained, and retained by it.

21.

Defendant Ogundipe was negligent in failing to supervise those nurses, LPNs, or nurse assistants, and failing to examine Burton on the 10th, 11th, 12th and 13th of January 2009 to ensure that the first fentanyl patch was removed that was on his person on January 9, 2009 when he was transferred to its facility, before the 2nd patch was applied on January 10, 2009.

## FIRST CLAIM–WRONGUL DEATH

22.

Plaintiff incorporates the allegations in the preceding paragraphs.

23.

Defendants' negligence was a contributing proximate cause of Luke Burton's death due to fentanyl poisoning or overdose on January 13, 2009, and he died a wrongful death on January 13, 2009.

24.

Plaintiff Carly Burton demands judgment against defendants in an amount to be determined by a jury at trial, for the full value of Luke Burton's life, but in an amount not less than $2,000,000.00.

## SECOND CLAIM-ESTATE CLAIM

25.

Plaintiff incorporates the allegations in the preceding paragraphs.

26.

Luke Burton suffered conscious physical and mental pain prior to his death, and his Estate is entitled to recover for this pre-death physical and mental pain and suffering, last medical, and funeral expenses due to defendants' negligence as a contributing proximate cause of his death.

27.

Plaintiff Carly Burton in her representative capacity demands judgment against defendants in an amount to be determined by a jury at trial, but in an amount not less than $2,000,000.00.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against the defendants and that she be granted the following relief:

1) That process issue and that defendants be served with the complaint and summons;

2) That plaintiff Carly Burton recover damages for the wrongful death of her husband, for which these defendants' negligence is a contributing


proximate case;

3)  That the Estate of Luke Burton recover its damages for his pre-death pain and suffering, last funeral, burial, and medical expenses for which the defendants' negligence is a contributing proximate cause;

4)  That this Court grant such other equitable and further relief as it deems just and proper; and

5)  PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES AND CLAIMS PLEAD IN THIS LAWSUIT, DEFENSES TO THESE CLAIMS, AND ANY AMENDMENTS THERETO.

RESPECTFULLY SUBMITTED,

COUNSEL FOR PLAINTIFFS:

By: /s Terry D. Jackson
TERRY D. JACKSON
Georgia Bar No. 386033

TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, Georgia  30312
(404) 659-2400
(404) 659-2414 facsimile
terry@terryjacksonlaw.com