IN THE U.S. DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CARLY BURTON GUNDERSON, | ) | |
| individually and as the Court Appointed | ) | |
| Personal administrator of the | ) | |
| ESTATE OF LUKE BURTON, | ) | Civil Action No. |
| | ) | |
| Plaintiffs, | ) | 1:11-CV-00076-HLM |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN CENTER NURSING | ) | |
| CARE/AUSTELL, INC., a Georgia Corp- | ) | **JURY TRIAL DEMANDED** |
| oration, d/b/a "Anderson Mill Health & | ) | |
| Rehabilitation Center," | ) | |
| SSC AUSTELL OPERATING COMPANY, | ) | |
| LLC, a foreign limited liability company, | ) | |
| d/b/a "Brian Center Nursing Care Austell," | ) | |
| and "Anderson Mill Health & | ) | |
| Rehabilitation Center," | ) | |
| JOHN OGUNDIPE, M.D., | ) | |
| and JOHN OR JANE DOES (1-3), | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT FOR DAMAGES

COME NOW plaintiffs and show the Court as follows:

## PARTIES, JURISDICTION & VENUE

### 1.

Carly Burton Gunderson is currently residing and domiciled in Canada and she may be served with all answers and discovery responses by service on her counsel.  Plaintiff Carly Burton Gunderson files this amendment of her name due to her marriage in April of 2011, after the filing of this lawsuit.  Jurisdiction and venue are proper in this Court.

### 2.

Defendant Brian Center Nursing Care/Austell, Inc., d/b/a "Anderson Mill Health and Rehabilitation Center," is a Georgia Corporation, and it may be served with a copy of the complaint and summons by service on its registered agent:

    Brian Center Nursing Care/Austell, Inc.
    C/o Corporation Process Company, Registered Agent
    2180 Satellite Boulevard, Suite 400
    Duluth, GA   30097

Jurisdiction and venue are proper in this Court.

### 3.

Defendant John Ogundipe, M.D., may be served with a copy of the complaint and summons either at his place or business or residence as follows:

John Ogundipe
2041 Rosemont Court
Jonesboro, GA 30236

John Ogundipe
Southern Crescent Primary Care
7823 Spivey Station Blvd, Suite 210
Jonesboro, GA 30236.

Jurisdiction and venue are proper in this Court.

4.

Defendant SSC Austell Operating Company, LLC, (hereinafter "SSC"), is a foreign limited liability company, and it is a sister entity of the Brian Center, as part of the Mariner Health Care and Sava Senior Care group of companies controlled by the Grunstein brothers, Leonard and Harry Grunstein.

5.

Defendant SSC was operating and using defendant Brian Center's name and CMS No. to operate the Brian Center and was doing business as "SSC Brian Center Nursing Care/Austell," and "Brian Center Nursing" at the time of the incident in this complaint, and SSC now operates the former Brian Center as the "Anderson Mill Health and Rehabilitation Center," and it may be served with a copy of the complaint and summons by service on its registered agent as follows:

SSC Austell Operating Company, LLC
c/o Corporation Process Company
2180 Satellite Boulevard, Suite 400
Duluth, GA   30097

Jurisdiction and venue are proper in this Court.

6.

Defendants SSC and Brian Center were jointly operating a nursing home located at 2130 Anderson Mill Road, Austell, GA 30106 in January of 2009, and were doing business as Brian Center Nursing Care/Austell.

7.

If discovery shows that additional John or Jane Doe persons or entities should be added as parties, plaintiffs will move to substitute or add them as parties to this complaint for damages.

8.

The amount in controversy between the parties exceeds $75,000.00, and there is complete diversity between the parties.  *See 28 U.S.C. § 1441.*

## FACTUAL ALLEGATIONS

9.

On January 9, 2009 Luke Burton was transferred from Kennestone Hospital

to the Brian Center operated by defendants Brian Center and SSC for continued

health and rehabilitation care, following his injuries in a motor vehicle collision in

May of 2008.

10.

Defendant Ogundipe was the admitting physician, and directed Luke

Burton's medical care and treatment by the Brian Center's and SSC's defendants'

nurses, LPNs, and nurse assistants during his stay from January 9-January 13,

2009.

11.

The medical records and discharge summary from Kennestone Hospital

show that Burton was receiving a 75mcg Duragesic patch of fentanyl, every 72

hours for pain, and Burton was scheduled to receive a replacement fentanyl patch

on the morning of January 10, 2009.

12.

Nurses, LPNs or nursing assistants employed and acting as Brian's agents

and employees and acting under its and Ogundipe's directions put a second

Duragesic patch on Burton's chest area on January 10, 2009 as recommended by

Kennestone Hospital and directed by Dr. Ogundipe, but those employees and

agents of defendants SSC and the Brian Center failed to remove the one on his

upper left arm put in place by medical personnel at Kennestone Hospital on

January 7, 2009.

13.

During the next three days between January 10th and January 13th 2009

Burton's temperature spiked due to defendants' failure to give him antibiotics

ordered by physicians at Kennestone Hospital when they transferred him to the

Brian Center, and defendants' nurses, LPNs, and nurse assistants also wrapped

Burton in blankets, which heated and compressed the sites where the two fentanyl

patches were on his body, accelerating the release and absorption of fentanyl in his

body.

14.

On the evening of January 12, 2009 Burton's wife, plaintiff Carly Burton,

noted the presence of the patch on his upper arm, and a female employee of

defendants removed it at her request.

15.

Over the course of the next 7 hours Burton's condition deteriorated, he

stopped breathing, EMS personnel were summoned, and he was transported to

Cobb Hospital where he later died.

16.

EMS personnel removed a fentanyl patch from his body when they arrived at the Brian Center, and a subsequent autopsy determined his cause of death was due to accidental fentanyl poisoning or overdose of that medication.

17.

A Georgia Department of Human Resources investigation into the cause of death could not determine when the first patch was removed, and why Burton died of a fentanyl overdose.

18.

There is no dispute that Luke Burton died due to fentanyl poisoning or overdose on January 13, 2009.

19.

Burton's health was poor, he had a brain injury, and his life expectancy was reduced due to the motor vehicle collision in May of 2008, but defendants' conduct was a contributing proximate cause of his wrongful death due to accidental fentanyl poisoning and their negligent and negligent per se medical

treatment was a foreseeable consequence of the motor vehicle collision in May of 2008.

20.

Plaintiff is suing the Georgia DOT for its role in causing the May 2008 collision, injuries, medical bills, and Burton's foreseeable death on January 10, 2009 from those injuries, and that suit is pending in Cherokee County.

21.

Defendants' negligence was a contributing proximate cause of Luke Burton's death, and a contributing proximate cause of his pre-death pain and suffering, funeral, last burial, and medical expenses.

22.

Defendants were negligent, negligent per se, negligently hired, supervised, trained, and retained the nurses, LPNs, and nurse assistants employed by defendant Brian and involved in his care and treatment resulting in Luke Burton's wrongful death on January 13, 2010.

23.

At all times covered by the allegations in this complaint the nurses, LPNs, and nurse assistants employed by the Brian Center and SSC defendants were

acting within the course and scope of their employment or as agents with

defendants, and were negligently hired, supervised, trained, and retained by them.

24.

Defendants SSC and Brian Center are related entities and were operating the

subject nursing home at 2130 Anderson Mill Road, Austell, GA as part of a joint

enterprise and venture among these commonly controlled entities as party of the

Sava Senior Care group of companies operated and controlled by the Grunstein

brothers, Mariner Health Care, Inc., and the Schron family.

25.

Defendant Ogundipe was negligent in failing to supervise those nurses,

LPNs, or nurse assistants, and failing to examine Burton on the 10th, 11th, 12th and

13th of January 2009 to ensure that the first fentanyl patch was removed that was

on his person on January 9, 2009 when he was transferred to its facility, before the

2nd patch was applied on January 10, 2009.

26.

Prior to the date of the incident in this lawsuit the SSC and Brian Center

defendants were under investigation by Medicare and the State of Georgia for its

substandard operation of the nursing home at 2130 Austell Road, Austell, GA and

those complaints and failures include the failure to remove medicine patches from patients, failure to provide proper and prescribed medication, and other substandard care that shows a pattern of wilful, wanton, and consciously indifferent conduct to the care of patients under the defendants' care at the subject nursing home.

27.

Medicare and the State of Georgia have levied significant fines against the Brian Center and SSC defendants for their substandard operation of the nursing care facility at 2130 Anderson Mill Road, Austell, GA, including threats to permanently ban the Brian Center's, CMS No. 115145, ability to bill medicare for care of patients at the 2130 Anderson Mill Road, Austell, GA location, including its care for Burton and other patients at the Brian Center in 2007, 2008, and 2009.

28.

Defendants' negligent, negligent per se, wilful, wanton, reckless, and consciously indifferent conduct to the likely and foreseeable consequences also violates federal and state nursing home regulations, and Georgia's Bill of Rights for the Care and Treatment of persons in long term care facilities.   *See O.C.G.A.*

*§§ 31-8-100 et seq.; 42 C.F.R. §§ 483.10 et seq., and Ga. Comp. R. Regs. 290-5-8-101 et seq.*

## FIRST CLAIM–WRONGFUL DEATH

### 29.

Plaintiff incorporates the allegations in the preceding paragraphs.

### 30.

Defendants' negligent, negligent per se, wilful, wanton, reckless, and conduct with conscious indifference to the consequences  was a contributing proximate cause of Luke Burton's death on January 13, 2009, and Luke Burton's death was due to fentanyl poisoning or overdose on January 13, 2009, and he died a wrongful death on January 13, 2009.

### 31.

Plaintiff Carly Burton demands judgment against defendants in an amount to be determined by a jury at trial, for the full value of Luke Burton's life, but in an amount not less than $2,000,000.00.

## SECOND CLAIM-ESTATE CLAIM

### 32.

Plaintiff incorporates the allegations in the preceding paragraphs.

33.

Carly Burton was appointed the personal administrator of her deceased husband's Estate on June 5, 2009, by the Probate Court of Cherokee County.

34.

Luke Burton suffered conscious physical and mental pain prior to his death, and his Estate is entitled to recover for this pre-death physical and mental pain and suffering, last medical, and funeral expenses due to defendants' negligent, negligent per se, wilful, wanton, reckless, and consciously indifferent conduct to the consequences as a contributing proximate cause of his death.

35.

Plaintiff Carly Burton in her representative capacity demands judgment against defendants in an amount to be determined by a jury at trial, but in an amount not less than $2,000,000.00.

### THIRD CLAIM-ATTORNEYS' FEES & COSTS

36.

Plaintiffs incorporate the allegations in the preceding paragraphs.

37.

The actions of Defendants SSC and Brian Center shows a species of bad faith conduct in failing to remove the first fentanyl patch from Luke Burton's body, failing to provide prescribed anti-biotic medications, and failing to provide proper medical care once these defendants were alerted to the fact of Burton's acute medical condition on January 12th and 13th 2009, including his high fever, acute respiratory distress for over an hour before calling for any EMS help or support, and failing to prescribe medications to counteract the acute fentanyl poisoning caused by these defendants' wilful, wanton, reckless, and consciously indifferent conduct.

38.

Plaintiffs demand judgment against Defendants SSC and Brian Center for their attorneys' fees and costs in an amount a jury deems just and appropriate, given the circumstances of this case by not less than the actual attorneys' fees and costs incurred or to be incurred by the plaintiffs.   *See O.C.G.A. § 13-6-11.*

## FOURTH CLAIM-PUNITIVE DAMAGES

39.

Plaintiffs incorporate the allegations in the preceding paragraphs.

40.

The conduct of Defendants SSC and Brian Center toward Burton and other patients at the nursing home at 2130 Anderson Mill Road, Austell, GA, shows a species of wilful, wanton, reckless, and consciously indifferent conduct to the foreseeable consequences with disregard to the likely and probable consequences of that conduct, including the death and injury to patients such as Luke Burton.

41.

The number and pattern of complaints by family members and residents of the Brian Center prior to, at the time of, and after Luke Burton's death shows a failure by Defendants SSC and Brian Center to properly train, supervise, and hire competent medical personnel and persons assisting those medical personnel, including the failure to provide proper medications, that shows a pattern of wilful, wanton, reckless, and conscious indifference to the consequences meriting the imposition of punitive damages against Defendants SSC and Brian Center under Georgia law.

42.

Prior to his death Luke Burton was in pain and was consciously aware of his deteriorating physical health from January 10, 2009 through his death on January 13, 2009, due to the conduct of Defendants SSC and Brian Center.

43.

Plaintiffs demand judgment against Defendants SSC and Brian Center in an amount to be determined by a jury at trial, as provided by Georgia law.   O.C.G.A. § 51-12-5.1.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against the defendants and that she be granted the following relief:

1)   That process issue and that defendants be served with the complaint and summons;

2)   That plaintiff Carly Burton recover damages for the wrongful death of her husband, for which these defendants' negligence is a  contributing proximate case;

3)      That the Estate of Luke Burton recover its damages for his pre-death

pain and suffering, last funeral, burial, and medical expenses for

which the defendants' negligence is a contributing proximate cause;

4)      That plaintiffs recover their attorneys' fees and costs from Defendants

SSC and Brian Center;

5)      That the Estate of Luke Burton recover exemplary damages against

Defendants SSC and Brian Center for the pre-death pain and suffering

Mr. Burton experienced prior to his death;

6)      That this Court grant such other equitable and further relief as it

deems just and proper; and

7)      PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL

ISSUES AND CLAIMS PLEAD IN THIS LAWSUIT, DEFENSES

TO THESE CLAIMS, AND ANY AMENDMENTS THERETO.

                        RESPECTFULLY SUBMITTED,


                By:    */s Terry D. Jackson*
                        TERRY D. JACKSON
                        Georgia Bar No. 386033
                        *Counsel for Plaintiffs*

TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, Georgia  30312
(404) 659-2400
(404) 659-2414 facsimile
terry@terryjacksonlaw.com